

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,318-01 AND WR-82,318-02

## EX PARTE BRANDON LEE ALLEN, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. C34887-CR AND C34888-CR
## IN THE COUNTY COURT AT LAW FROM NAVARRO COUNTY

*Per curiam*.

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of aggravated assault of a public servant and one charge of retaliation, and was sentenced to six years' imprisonment for each charge, to run concurrently. He did not appeal his convictions.

Applicant contends that his plea agreement was breached, and that his mental health issues were not considered or addressed. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d

294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state whether Applicant was ever advised that the granting of shock probation in these cases (as opposed to the opportunity to request shock probation) was part of the plea agreement in these cases. Trial counsel shall also state whether he was aware that Applicant was suffering from mental health issues at the time he committed these offenses, and if so whether counsel requested that Applicant be evaluated for sanity at the time of the offenses or competency to stand trial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims that his plea agreement was breached and that his mental health issues were not considered or addressed prior to the plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.


Filed: November 19, 2014
Do not publish